## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JOSE LUIS CRUZ-FELIZ       )

       Petitioner,        )  Case No.:   26-1314

      v.        )  Agency No. A242-103-890

**Garrett J. Ripa,** Miami Field Office Director, )
Enforcement and Removal Operations )
(ICE/ERO); **Todd Lyons**, Acting Director U.S. )
Immigrations Customs Enforcement; )  **EXPEDITED HEARING**
**Markwayne Mullin,** Secretary of Homeland )  **REQUESTED**
Security; **Todd Blanche,** Attorney General of )
the United States, )
Respondents, )

### WRIT OF HABEAS CORPUS

TO THE HONORABLE COURT:

    COMES NOW Petitioner JOSE LUIS CRUZ-FELIX through the undersigned attorney and respectfully states and prays as follows:

### INTRODUCTION

1.     Petitioner JOSE LUIS CRUZ-FELIX is a citizen and national of the Dominican Republic who entered illegally into the United States December 17 ,2018, *and* has been living in Puerto Rico, since then.

2.     On **May 21, 2026**, petitioner was detained during an enforcement operation,

3.     Mr. Cruz-Feliz has no criminal history, poses no danger to the community, and does not present a flight risk, and has a pending petition with USCIS.

4.     Petitioner further submits that continued detention is not necessary to ensure his appearance and is disproportionate under the circumstances.

5.     Continued detention is not necessary to effectuate the purposes of the immigration laws and imposes an unnecessary financial burden on the federal government, where less restrictive alternatives, including recognizance or minimal bond, are sufficient to ensure Respondent's appearance.

6.     Petitioner respectfully represents that, if released, he will appear at all hearings and comply with all conditions imposed.

7.      Despite all positive factors Respondents illegally have DENIED Petitioner an opportunity for a BOND hearing before an Immigration Judge, alleging that he is detained under 8 U.S.C. §§ 1225, which, in their view, mandates detention, Mr. Cruz-Feliz  asserts that his detention by Immigration and Customs Enforcement ("ICE") violates his due process rights and seeks his immediate release since he is detained under 8 U.S.C. 1226. The respondent's interpretation of the status under which Barbosa Romero is detained has been contradicted by multiple federal District Court in the First Circuit. We will Further explain.

## JURISDICTION

8.     This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

## VENUE

9.     Venue is proper as up *May 24,2026 at 10:00 am*, the Petitioner resides and is detained in *GSA Guaynabo Immigration Detention Center in Puerto Rico*, under the

authority of this court. "For core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004). Whether an individual is in "custody" is determined at the time of the habeas petition is filed. *Spencer v. Kemna 523 U.S. 1, 7(1998)* Federal district courts have jurisdiction to hear habeas claims by noncitizens challenging the lawfulness or constitutionality of DHS conduct. Federal courts are not stripped of jurisdiction under 8 U.S.C. § 1252. See e.g., Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## REQUIREMENTS OF 28 U.S.C. § 2241, 2243

10. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id. (emphasis added).

11. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

12. Petitioner **Jose Luis Cruz Feliz (A242-103-890)** is a Dominican National that in **2018** entered illegally into the United States and has been living in Puerto Rico.

13.    Respondent **Garret J Ripa** is Miami Field Office Director for U.S. Immigration and Customs Enforcement, overseen Puerto Rico's Immigration and Removal Operations ICE Office in Guaynabo and ERO Aguadilla Detention Facility and is **Petitioner's custodian.**

14.    Respondent **Todd Lyons** is the Acting Director for U.S. Immigration and Customs Enforcement.

15.    Respondent **Markwayne Mullin** is the Nominated Secretary of the Department of Homeland Security (DHS) and has authority over the actions of all other DHS Respondents in this case, as well as all operations of DHS. Respondent Mullin is a legal custodian of Petitioner and is charged with faithfully administering the immigration laws of the United States.

16    Respondent **Todd Blanche** is the Attorney General of the United States, and as such has authority over the Department of Justice and is charged with faithfully administering the immigration laws of the United States.

17. Respondent U.S. Immigration Customs Enforcement is the federal agency responsible for custody decisions relating to non-citizens charged with being removable from the United States, including the arrest, detention, and custody status of non-citizens.

18.    Respondent U.S. Department of Homeland Security is the federal agency that has authority over the actions of ICE and all other DHS Respondents.

19.    All respondents are named in their official capacities.

## STATEMENT OF FACTS

20.    Petitioner Cruz-Feliz is a citizen and national of Dominican Republic. Petitioner entered the United States after illegally in **2018** entered illegally into the United States and has been living in Puerto Rico.

21.    Petitioner's wife Guillermina Vidal Nicasio is a United States Citizen **(Attachment 1 & 2)** and she filed a Petition for Alien relative ( I-130) Receipt No. IOE0914233236 with the United States Citizenship and Immigration Services (USCIS), that was **approved** on April 18, 2022. **(Attachment 3). They have a Child by the name of Esleydhel Cruz-Vidal born on October 20, 2021. (Attachment 4)**

22. On November 17, 2022, Petitioner filed an Application for Provisional Unlawful Presence Waiver (Form I-601A), Receipt No YSC2390007407, with the United States Citizenship and Immigration Services (USCIS), that is pending. **(Attachment 5)**

23.    **On May 21, 2026,** Petitioner was arrested by Immigration and Customs Enforcement Agents, and he is currently detained at the Guaynabo Immigration and Customs Enforcement Puerto Rico Detention Facility.

24.    Petitioner respecfully states that he was not detained at the border, and has been in the USA for **8 years** and that due to the length of time in the USA , a person detained under 8 U.S.C. § 1226(a)[1], must, upon his request, receive a custody

---

[1] 8 U.S.C. §§ 1225 and 1226 are the two provisions of the Immigration and Nationality Act ("INA") that principally govern the removal of noncitizens. Gomes v. Hyde, No. 1:25-cv-11571-JEK, 2025 U.S. Dist. LEXIS 128085, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025). Section 1225(b) applies to "applicants for admission," who are noncitizens "present in the United States who [have] not been admitted." Id. (quoting 8 U.S.C. § 1225(a)(1)). Sometimes referred to as the "mandatory detention statute," this provision requires the Government to detain noncitizens pending their removal from the United States "if the examining immigration officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Chiliquinga Yumbillo v. Stamper, No. 2:25-cv-00479-SDN, 2025 U.S. Dist. LEXIS 192600, 2025 WL 2783642, at *2 (D. Me. Sept. 30, 2025) (quoting 8 U.S.C. §

redetermination hearing (colloquially called a 'bond hearing') with strong procedural protections.

25.    With an immigration remedy available before the Immigration Court, the respondents have not release on bond Mr. Cruz-Feliz since the position of the respondent is a mandatory detention under 8 USC 1225 and that an Immigration Judge have no authority over Garcia's Bond request., under *Matter of Yajure Hurtado 29 I&N Dec 215(BIA 2025))*.

26.    Mr. Cruz-Feliz respecfully states that BIA's decision in Matter of Yajure Hurtado is not binding on this court and that this court "must exercise independent judgment in determining the meaning of statutory provisions." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 394, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024).

---

1225(b)(2)(A)).

By contrast, Section 1226(a) applies to noncitizens "already in the country pending the outcome of removal proceedings." Gomes, 2025 U.S. Dist. LEXIS 128085, 2025 WL 1869299, at *2 (quoting Jennings v. Rodriguez, 583 U.S. 281, 289, 138 S. Ct. 830, 200 L. Ed. 2d 122 (2018) It is referred to as the "discretionary detention statute" because it permits—but does not require—the Government to arrest and detain a noncitizen "[o]n a warrant issued by the Attorney General" or their designees. Rodriguez v. Bondi, No. 25-cv-406-JJM-PAS, 2025 U.S. Dist. LEXIS 201075, 2025 WL 2899769, at *1 (D.R.I. Oct. 10, 2025). The Government then may either continue to detain the noncitizen or release them on bond of at least $1,500 or conditional parole. Id. (citing 8 U.S.C. §§ 1226(a)(1)-(2)).

The Fifth Amendment's Due Process Clause entitles a noncitizen detained pursuant to the discretionary detention statute to seek review of their detention decision at a bond hearing (also known as a "custody redetermination hearing") before an IJ. Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). At that hearing, the Government bears the burden of proving either: (1) "by clear and convincing evidence that [the noncitizen] poses a danger to the community" or (2) "by a preponderance of the evidence that [the noncitizen] poses a flight risk." Id. If the Government fails to meet this burden, then bond or conditional parole must be granted. Rodriguez, 2025 U.S. Dist. LEXIS 201075, 2025 WL 2899769, at *1 (citing Gomes, 2025 U.S. Dist. LEXIS 128085, 2025 WL 1869299, at *2; Bermeo Sicha v. Bernal, No. 1:25-cv-00418-SDN, 2025 U.S. Dist. LEXIS 169007, 2025 WL 2494530, at *4 (D. Me. Aug. 29, 2025)). If, however, the Government does meet its burden and the IJ determines that the noncitizen must remain in custody, then the noncitizen may appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). Id. (citing 8 C.F.R. §§ 1003.19(f), 1003.38).

27.   The Yajure decision is contrary to US district courts uniform approach to interpreting 8 U.S.C. §§ 1225 and 1226. See decision in Doe v. Moniz, F. Supp. 3d, 2025 U.S. Dist. LEXIS 173360, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), at *5 (collecting cases).

28.   Multiple *district courts within the First Circuit* have recently noted in rejecting BIA's reasoning in Matter of Yajure Hurtado, that the decision is inconsistent with other BIA decisions and with decades of the Department of Homeland Security's practice. See [Elias] Escobar v. Hyde, Civil Action No. 25-cv-12620-IT, 2025 U.S. Dist. LEXIS 196284, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); *Moreira Aguiar v. Moniz*, 25-cv-12706, 2025 WL 2987656 (D. Mass. Oct. 22, 2025); *Tomas Elias v. Hyde*, 25-cv-540, 2025 WL 3004437 (D.R.I. Oct. 27, 2025); *Rodriguez v. Nessinger*, 25-cv-505, 2025 WL 3306576 (D.R.I. Oct. 17, 2025); *Los Caballero v. Baltazar*, 25-cv-3120, 2025 WL 2977650 (D. Co. Oct. 22, 2025); *Barco Mercado v. Francis*, 25-cv-6582, 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025); Maza v. Hyde, Civil Action No. 25-cv-12407-IT, -- F. Supp. 3d --, 2025 U.S. Dist. LEXIS 205956, 2025 WL 2951922 (D. Mass. Oct. 20, 2025); Chogllo Chafla v. Scott, 2025 U.S. Dist. LEXIS 184909, 2025 WL 2688541, at *7-S8 (D. Me. Sept. 22, 2025); Sampiao v. Hyde, F. Supp. 3d , 2025 U.S. Dist. LEXIS 175513, 2025 WL 2607924, at *8 n.11 (D. Mass. Sept. 9, 2025); Jimenez v. FCI Berlin, Warden, F. Supp. 3d , 2025 U.S. Dist. LEXIS 176165, 2025 WL 2639390, at *10 n.9 (D.N.H. Sept. 8, 2025).

29.    Mr. Cruz-Feliz respectfully asks that the Honorable Court order that the Petitioner NOT be transferred from Puerto Rico, and to either order a Bond Hearing forthwith or that this court conducts the bond hearing.

**CLAIMS FOR RELIEF**

**PETITIONER'S DETENTION WITHOUT A BOND HEARING VIOLATES PROCEDURAL DUE PROCESS**

30.    Petitioner re-alleges and incorporates each and every allegation contained in the preceding paragraphs as if set forth fully herein.

31.    Mr. Cruz-Feliz alleges that he is detained without a bond, under *Matter of Yajure Hurtado* 29 I&N Dec. 216 (BIA 2025) concluding that immigration judges lack jurisdiction to conduct bond hearings or grant bond to individuals who are present without admission.

32.    The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. Amend. V. All people within the territorial bounds of the United States enjoy due process rights, regardless of citizenship.  See e.g., Mathews v. Diaz, 426 U.S. 67, 77 (1976) ("[T]here are literally millions of [noncitizens] within the jurisdiction of the United States…[and] the Fifth Amendment…protects every one of these persons.") (internal quotation marks omitted); Yick Wo v. Hopkins, 118 U.S. 356, 368-69 (1886).  These protections apply equally to non-citizens facing deportation proceedings.  Demore v. Kim, 538 U.S. 510, 523 (2003); see also Zadvydas, 533 U.S. at 72 ("[B]oth removable and inadmissible [non-citizens] are entitled to be free from detention that is arbitrary and capricious.") (Kennedy, J., dissenting).

33. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" that the Due Process clause protects. Zadvydas, 533 U.S. at 690. Due process thus requires "adequate procedural protections" to ensure that the government's asserted justification for incarceration "outweighs the individual's constitutionally protected interest in avoiding physical restraint." Id. at 690. Individuals with prior removal orders are entitled to procedural safeguards against prolonged detention. See Padilla-Ramirez v. Bible, 882 F.3d 826, 830 (9th Cir. 2017) (citing Diouf v. Napolitano, 634 F.3d 1081, 1084 (9th Cir. 2011).

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter;

2. *Issue an immediate order preventing Petitioner's transfer or transportation outside the District of Puerto Rico*;

3. Issue an Order to Show Cause requiring Respondents to justify why this Petition should not be granted within three days;

4. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

5. Issue a Writ of Habeas Corpus ordering Petitioner's release.

6. Award attorney's fees and costs under the Equal Access to Justice Act and any other justified legal basis.

7. Grant any further relief the Court deems just and proper.

At San Juan, Puerto Rico, May 24, 2026

RESPECTFULLY SUBMITTED,

s/ RAYMOND L. SÁNCHEZ MACEIRA

USDC: 211405
COUNSEL FOR DEFENDANT
PO BOX 191972
SAN JUAN, PR 00919
TEL. 721-3370/FAX 721-4706
sanchezlaw264@gmail.com

VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner Mr. Cruz-Feliz and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated May 24, 2026.

s/ RAYMOND L. SÁNCHEZ MACEIRA
USDC: 211405